## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE LAVENDER | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| | ) | |
| | ) | |
| THE BUREAUS, INC.; DELTA | ) | |
| OUTSOURCE GROUP, INC.; CAPITAL | ) | |
| ONE BANK USA, N.A.; EQUIFAX | ) | |
| INFORMATION SERVICES, LLC; | ) | |
| TRANSUNION, LLC; and EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Suzanne Lavender (hereinafter "Plaintiff" or "Lavender") alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA") and the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

### PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in Chester County, Pennsylvania.

5.  Defendant, The Bureaus, Inc. ("The Bureaus"), is a corporation doing business in Pennsylvania with its corporate headquarters located at 1717 Central Street Evanston, Illinois 60201, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

6.  Defendant, Delta Outsource Group, Inc. ("Delta"), is a corporation doing business in Pennsylvania with its corporate headquarters located at 62 N Central Dr, O'Fallon, MO 63366, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

7.  Defendant Capital One Bank USA, N.A. ("Capital One") is a business entity that regularly conducts business in New York and has its corporate headquarters at 1680 Capital One Drive, McLean, VA 22102. Capital One regularly and in the ordinary course of business furnishes information to various consumer reporting agencies regarding Capital One's transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

8.  Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in Florida with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

9.  Defendant, TransUnion, LLC ("Trans Union"), is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 555 West Adams, Chicago, Illinois 60661. TransUnion is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information

concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

10. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FCRA BACKGROUND

11. There are two types of reporting entities on consumer credit reports. One type of reporting entity is the credit reporting agency ("CRA"), which reports information about the Plaintiff to users of these credit reports. The second type is called a Furnisher in the credit reporting industry. A Furnisher is a creditor that furnishes information related to its experience with the Plaintiff to the CRAs.

12. Credit reporting activities of both the CRAs and Furnishers are regulated by the FCRA.

13. The FCRA's purpose is to ensure that CRAs and Furnishers follow proper procedure in ensuring that a consumer's credit report is reporting accurately.

14. Every credit report contains a number of lines representing a placeholder for a specific Furnisher to report about a debt or credit line incurred by a consumer. These lines are known as trade lines.

## FACTUAL STATEMENT

15. Plaintiff is the victim of identity theft.

16. On a date better known by Defendants, Plaintiff opened up a credit card with Capital One with an account number 41543**** ("Capital One Account").

17. On a date better known by Defendants The Bureaus and Delta, the Capital One Account was sold to Bureaus Investment Group Portfolio No. 15 LLC.

18. In or about September 2019, during the course of applying for credit, Plaintiff discovered a derogatory Capital One Account reporting by Defendant The Bureaus, a collection agency attempting to collect on the debt, on her credit reports issued by Equifax, TransUnion, and Experian.

19.  When Plaintiff learned of the identity theft, she was mortified.

20. Plaintiff promptly reached out to the credit reporting agencies and informed them that the card was opened by an identity thief. Plaintiff also submitted sufficient evidence in this regard.

21. On or about September 26, 2019 Plaintiff sent a dispute letter to Defendants Equifax, TransUnion, and Experian disputing the Capital One Account.

22. After receiving Plaintiff's dispute, Defendants Equifax, TransUnion, and Experian forwarded Plaintiff's dispute to The Bureaus and to Capital One.

23. The Bureaus paid no regard to Plaintiff's identity theft dispute, and continued to report negative information to the credit reporting agencies.

24. Capital One paid no regard to Plaintiff's identity theft dispute, and continued to report negative information to the credit reporting agencies.

25. Defendants Equifax, TransUnion, and Experian failed to conduct a reasonable investigation into Plaintiff's dispute, and verified the erroneous information.

26. Defendant Capital One failed to conduct a reasonable investigation into Plaintiff's dispute, and verified the erroneous information.

27. Defendant The Bureaus failed to conduct a reasonable investigation into Plaintiff's dispute, and verified the erroneous information.

28. Additionally, on or about September 2019, Plaintiff mailed a cease communication request to The Bureaus. Despite this, The Bureaus made a number of phone calls to Plaintiff between September 2019 and February 2020 in attempt to collect the alleged debt.

29. On or about January 22, 2020, Plaintiff was contacted in writing by Defendant Delta Outsource Group in an attempt to collect the same debt. Within this communication, Defendant Delta misrepresented the status of the debt as due and owing, when it was not.

30. Plaintiff has suffered financial and emotional harm as a result of Defendants' credit reportings which have harmed her credit.

31. Plaintiff has also suffered injury as a result of Defendant Delta's illegal collection attempts.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AS TO DEFENDANT DELTA

32. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

33. Defendant Delta sought to collect on an illegitimate debt, misrepresenting the character of the debt as owing.

34. Said conduct violates 15 U.S.C. §§ 1692e, e(2), and e(10).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Delta for actual damages and statutory damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AS TO DEFENDANT THE BUREAUS

35. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

36. Defendant The Bureaus sought to collect on an illegitimate debt, misrepresenting the character of the debt as owing.

37. Said conduct violates 15 U.S.C. §§ 1692e, e(2), e(8) and e(10).

38. Further, The Bureaus communicated with Plaintiff despite her cease and desist request in violation of 15 U.S.C. § 1692c.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Delta for actual damages and statutory damages along with costs, interest, and attorney's fees.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AS TO THE BUREAUS

39. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

40. At all times pertinent hereto, The Bureaus was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

41. The Bureaus willfully and negligently supplied Equifax, TransUnion and Experian with information about Plaintiff that was false, misleading, and inaccurate.

42. The Bureaus willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed, and continued to report the false trade lines. Had it conducted a reasonable investigation, it would have learned that the accounts were the result of identity theft.

43. The Bureaus willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

44. The Bureaus willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

45. The Bureaus willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

46. The Bureaus willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b), including the failure the mark the debt as in dispute.

47. The Bureaus' conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, The Bureaus was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against The Bureaus for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

**COUNT IV**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**AS TO CAPITAL ONE**

48.  Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

49. At all times pertinent hereto, Capital One was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

50. Capital One willfully and negligently supplied Equifax, TransUnion and Experian with information about Plaintiff that was false, misleading, and inaccurate.

51. Capital One willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed, and continued to report the false trade lines. Had it conducted a reasonable investigation, it would have learned that the accounts were the result of identity theft.

52. Capital One willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

53. Capital One willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

54. Capital One willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

55. Capital One willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b), including the failure the mark the debt as in dispute.

56. Capital One's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Capital One was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Capital One for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

<u>**COUNT V**</u>
<u>**VIOLATION OF THE FAIR CREDIT REPORTING ACT**</u>
<u>**AS TO EQUIFAX INFORMATION SERVICES, LLC**</u>

57. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

58. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

59. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

60. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

61. After receiving Plaintiff's dispute highlighting the errors, Equifax negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

62. After receiving Plaintiff's dispute with the evidence of identity theft, Equifax negligently and willfully failed to block the information being reported as required by 15 U.S.C. § 1681c.

63. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

64. Equifax's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

### COUNT VI
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### AS TO TRANSUNION, LLC

65. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

66. Defendant TransUnion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

67. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

68. TransUnion negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

69. After receiving Plaintiff's dispute highlighting the errors, TransUnion negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

70. After receiving Plaintiff's dispute with the evidence of identity theft, TransUnion negligently and willfully failed to block the information being reported as required by 15 U.S.C. § 1681c.

71. As a direct and proximate cause of TransUnion's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

72. TransUnion's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, TransUnion was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against TransUnion for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT VII
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AS TO EXPERIAN INFORMATION SOLUTIONS, INC.

73. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

74. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

75. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

76. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

77. After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

78. After receiving Plaintiff's dispute with the evidence of identity theft, Experian negligently and willfully failed to block the information being reported as required by 15 U.S.C. § 1681c.

79. As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

80. Experian's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 30th of October, 2020.

Respectfully Submitted,

*/s/ Steven Benedict*
Steven Benedict, Esq.
**Zemel Law LLC**
660 Broadway
Paterson, NJ 07514
(P) (862) 227-3106
steven@zemellawllc.com
Attorneys for Plaintiff